```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

JOHNNY LEE NICHOLS                                              PLAINTIFF

v.                          Civil No.: 09-5178

MAYOR STEVE WOMACK ET AL.                                      DEFENDANTS

**REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

Now before the Court is Plaintiff's Complaint. (Doc. 1). Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (*Id.*) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren. For the following reasons, it is the recommendation of the undersigned that Plaintiff's Complaint be **DISMISSED** with prejudice for failure to prosecute.

**I.   BACKGROUND**

Plaintiff filed his Complaint on August 25, 2009. (Doc. 1). Plaintiff did not pay the $350.00 filing fee, but did submit an application to proceed *in forma pauperis* ("IFP") (Doc. 2). The IFP application was not complete as the inmate account portion of that document was not completed. (Doc. 3). It was unclear if Plaintiff was incarcerated at the time of his application or if he had been released. However, Plaintiff was advised to complete an application or pay the filing fee, regardless of his incarceration status. (*Id.*)

The Order directing Plaintiff to return the IFP application was returned as undeliverable, marked "RTS". See docket entry of September 1, 2009.  Additional mail was also returned and marked undeliverable.  See docket entry of November 5, 2009.

However, on September 3, 2010, a new address was obtained for Plaintiff and the Court entered a change of address on Plaintiff's behalf.  (Doc. 4).  All returned mail was resent to the newly obtained address, with no mail being returned to the Court.  In the Order directing a change of Plaintiff's address, Plaintiff was notified he had until October 4, 2010, to advise the Court whether he intended to pursue this action.  Further, Plaintiff was notified that his failure to file such a response will cause this action to be dismissed. Plaintiff has not responded or otherwise communicated with the Court.

## II.  APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's

failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. DISCUSSION

Plaintiff was given until October 4, 2010 to advise the Court he wished to pursue this action. (Doc. 4). Plaintiff did not seek additional time beyond the October 4, 2010 deadline, nor has he completed the IFP application as directed by the Court.

Plaintiff was specifically cautioned in the Order directing a change of his address of record that failure to respond to the Court would result in a summary dismissal of his case. (*Id*.). Accordingly, this case should be dismissed for failure to prosecute and for failure to follow a Court Order.

### IV. CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** for failure to prosecute and failure to follow a Court Order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver**

**of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    DATED this 28th day of October 2010.

                                               /s/ *Erin L. Setser*
                                              HON. ERIN L. SETSER
                                              U.S. MAGISTRATE JUDGE